# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 8, 2013

Lyle W. Cayce
Clerk

No. 12-50443
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR BERNAL CABELLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-316-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Oscar Bernal Cabello appeals the sentence he received after pleading guilty to an escape that involved walking away from a halfway house. This was Cabello's second such escape. The court sentenced Cabello to 42 months in prison, an upward variance from the advisory maximum sentence of 21 months, pursuant to 18 U.S.C. § 3553(a). We review the sentence for reasonableness and "give due deference to the district court's decision that the § 3553(a) factors, on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).

Cabello argues that the district court wrongly characterized his escapes as presenting a risk of violence. We continue to recognize that recapturing an escaped fugitive can present a serious risk of injury. *See United States v. Hughes*, 602 F.3d 669, 675-77 (5th Cir. 2010). Moreover, the district court based the sentence on the factors of § 3553(a), namely deterrence, respect for the law, and the need to protect the public. In light of the deference we give to the district court, its reasons provide ample support for the variance. *See Gall*, 552 U.S. at 51.

Cabello also argues that his criminal history category did not understate his actual criminal history and that the district court erred by sentencing him based on a theoretical offense level that was higher than the offense level for more serious crimes. This is a mere disagreement with the district court's weighing of the sentencing factors and is thus insufficient to warrant reversal. *See Gall*, 552 U.S. at 51-52.

Cabello fails to show that the sentence was unreasonable. The judgment of the district court is AFFIRMED.